IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| YOLANDA JONES, | |
|---|---|
| Plaintiff, | |
| v. | 1:26-CV-149-DAB-LPA |
| INTERNAL REVENUE SERVICE, et al., | |
| Defendants. | |

# **ORDER**

    This matter is before the Court for review of the Order and Recommendation filed on February 13, 2026 (D.E. 10) and Plaintiff's Motion for Appointment of Counsel under 28 U.S.C. § 1915(e)(1) (D.E. 16) and Motion to Strike (D.E. 17).

    The Magistrate Judge recommends dismissing Plaintiff's action under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction and failure to state a claim. Plaintiff filed objections to the Recommendation on February 23, 2026 (D.E. 18).

    This Court must "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." *Id.* This Court has conducted de novo review of the portions of the Recommendation to which objections were made and has reached a determination that is in accord with the Magistrate Judge's Recommendation.

    The Court next turns to the motion for appointment of counsel. Courts may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Such appointments "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances may occur where "a pro se litigant has a colorable claim but lacks the capacity to present

it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (citation omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989); *see Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (per curiam) (unpublished). As demonstrated by the Recommendation and this Court's prior orders (*see* D.E. 6 and 15), Plaintiff has no colorable claim here. The Court accordingly denies the motion.

Plaintiff also moves to strike documents she previously submitted (D.E. 17). "Motions to strike are viewed with disfavor and are granted only for egregious violations." *Brown v. Inst. for Family Centered Servs., Inc.*, 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005). Plaintiff has not demonstrated any basis for such relief. In any event, because this action will be dismissed, the motion to strike is moot.

Accordingly, it is ORDERED that the Magistrate Judge's Recommendation (D.E. 10) is ADOPTED, Plaintiff's motion for appointment of counsel (D.E. 16) is DENIED, Plaintiff's motion to strike (D.E. 17) is DENIED, and this action is DISMISSED. A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 27th day of February, 2026.

    /s/ David A. Bragdon
United States District Judge